UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN T. VETTERS, INDIVIDUALLY | * | |
| AND AS REPRESENTATIVE OF THE | * | |
| ESTATE OF SHARON G. VETTERS, | * | |
| DECEASED, AND FOR AND ON BEHALF | * | |
| OF ALL THOSE ENTITLED TO RECOVER | * | |
| FOR THE DEATH OF SHARON G. | * | |
| VETTERS UNDER THE TEXAS | * | |
| WRONGFUL DEATH AND SURVIVAL | * | |
| STATUTES, ERIN VETTERS RUEL, | * | |
| STEVEN B. VETTERS, JOHN W. | * | CIVIL ACTION NO. 05-3 |
| STOCKTON, AND HAZEL L. STOCKTON, | * | |
|    Plaintiffs, | * | |
| | * | |
| V. | * | |
| | * | |
| DAIMLERCHRYSLER CORPORATION | * | |
|    Defendant. | * | JURY |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Plaintiffs file their Second Amended Complaint naming as Defendant DaimlerChrysler Corporation and for their causes of action, would show the Court as follows:

### I. JURISDICTION

1.  The Court has jurisdiction over this cause of action because it is a cause of action between citizens of Texas and a foreign defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(2).

### II. PARTIES

2.  Plaintiff Steven T. Vetters is a Texas resident residing in the Southern District of Texas in Nueces County, Texas. He is the husband of Sharon G. Vetters, deceased. He brings suit herein individually and as representative of the Estate of

Sharon G. Vetters, deceased for and on behalf of all those entitled to recover for her death under the Texas Wrongful Death and Survival Statutes.

3. There are no estate debts.

4. Sharon Vetters died testate. Her will has been probated and Steven T. Vetters has been named the independent executor of her estate in Cause No. 43189-1. *See* Order Admitting Will to Probate and Authorizing Letters Testamentary attached hereto as Exhibit "A".

5. Plaintiff Erin Vetters Ruel is a Texas resident. She is the biological daughter of Sharon G. Vetters, deceased. She brings suit herein individually.

6. Plaintiff Steven B. Vetters is a Texas resident residing in the Southern District of Texas. He is the biological son of Sharon G. Vetters, deceased. He brings suit herein individually.

7. Plaintiff John W. Stockton is a Texas resident. He is the biological father of Sharon G. Vetters, deceased. He brings suit herein individually.

8. Plaintiff Hazel L. Stockton is a Texas resident. She is the biological mother of Sharon G. Vetters, deceased. She brings suit herein individually.

9. Defendant is a foreign corporation incorporated in the State of Delaware, doing business in the State of Texas and may be served with process by serving its registered agent for service C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

### III. VENUE

10. This civil action is founded upon diversity of citizenship.

11. Venue is proper in the Southern District of Texas because Defendant is deemed to reside in the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1391(a)(1), (c) and because all or a substantial part of the of the events or omissions giving rise to this claim occurred in Nueces County, Texas. Specifically, the

incident and death made the basis of this suit occurred in Corpus Christi, Nueces County Texas pursuant to 28 U.S.C. § 1391(a)(2).

12.     Defendant has previously appeared in and defended one or more lawsuits in Texas containing allegations that a Dodge Durango manufactured by Defendant DaimlerChrysler was defective and caused personal injury and death.

13.     Defendant's contacts with the State of Texas are continuous and systematic, such that the Court has general personal jurisdiction over the Defendant.

14.     The Dodge Durango manufactured by the Defendant is routinely sold in Texas through local car dealerships doing business in the State of Texas.

15.     Defendant purposefully markets and sells vehicles through car dealerships in Texas.

16.     Accordingly, Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas.

17.     Defendant's alleged liability in this case arises from or is related to the sale, distribution and/or use of its Dodge Durango vehicles in Texas.

18.     The Court's exercise of personal jurisdiction over Defendant comports with due process.

19.     Defendant is deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(1), (c).

### IV. FACTS

20.     On or about December 10, 2004, Sharon G. Vetters, deceased, was the driver of a 2002 Dodge Durango (VIN#1B4HR48N82F104989). Mrs. Vetters was in her driveway in Corpus Christi, Nueces County, Texas and placed the gear selector of her 2002 Dodge Durango into "PARK," and then stepped out of her vehicle. Shortly after

she stepped out of the Dodge Durango, it self-shifted or slipped from "park" to "reverse."

21. As a direct and proximate result of the Dodge Durango's manufacturer and design defects and the improper shifting or slipping from park to reverse, Mrs. Vetters was struck by the vehicle.

22. During this accident, Sharon G. Vetters suffered severe injuries from which she subsequently died.

23. The improper shifting or slipping from park to reverse made the basis of this lawsuit was a producing cause of the accident made the basis of this lawsuit.

24. The improper shifting or slipping from park to reverse made the basis of this lawsuit was a producing cause of the fatal injuries to Sharon G. Vetters.

25. The improper shifting or slipping from park to reverse made the basis of this lawsuit was a proximate cause of the accident made the basis of this lawsuit.

26. The improper shifting or slipping from park to reverse made the basis of this lawsuit was a proximate cause of the fatal injuries to Sharon G. Vetters.

## V. STRICT PRODUCT LIABILITY

27. The vehicle in question was originally designed, manufactured, sold and/or placed into the stream of commerce by Defendant.

28. At the time of the sale of the vehicle in question, Defendant was in the business of designing, manufacturing and selling vehicles such as the vehicle in question.

29. At the time the vehicle in question was designed, manufactured, sold, and/or placed into the stream of commerce by Defendant, the same was defective and unreasonably dangerous in its design, marketing and manufacture. The design and

manufacture of the transmission linkage and its componentry including the brake-shift interlock were defective as designed and manufactured.

30. These defective and unreasonably dangerous conditions were a producing cause of the accident made the basis of this suit, the injuries to and consequent death of Sharon G. Vetters and the damages sustained by the Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts.

31. Aside from normal wear and tear, the subject vehicle was in the same defective condition at the time of the accident as it was when it left the hands of Defendant.

32. The subject vehicle was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold.

33. Technologically and economically feasible safer alternative designs existed that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

## VI. NEGLIGENCE

34. Defendant committed unreasonable acts of omission and commission, which collectively and severally, constituted negligence. Such negligence was a proximate cause of the accident, and of the Plaintiffs' injuries and damages.

35. Defendant's negligence was a proximate cause of the accident made the basis of this suit, the injuries to and consequent death of Sharon G. Vetters, and the damages sustained by the Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts.

## VII.  BREACH OF IMPLIED WARRANTIES

36. At all times relevant to the complaint, the Defendant was "a merchant" in the business of supplying "goods," namely vehicles. The Dodge Durango was a "good" and/or "product" sold for consumer usage.

37. As such, the Defendant breached the warranties of merchantability and fitness for a particular purpose in that the Dodge Durango was not fit for ordinary use or for the intended use for which it was purchased.

38. These breaches of implied warranty were a proximate cause of the accident made the basis of this suit, the injuries to and consequent death of Sharon G. Vetters, and the damages sustained by the Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts.

39. Notice has been provided as required by law, or is otherwise waived or excused.

## VIII. INADEQUATE STANDARDS

40. Applicable mandatory safety standards issued by the Federal Government or any other agency or group, if any, were inadequate to protect the public from unreasonable risks of injury or damage and Defendant DaimlerChrysler Corporation has withheld or misrepresented information and material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue in this action.

## IX.  PLAINTIFFS' DAMAGES

41. As a producing, direct and proximate result of the accident, injuries, and death for which Defendant is liable, Plaintiffs seek and are entitled to the following damages:

    a. *Wrongful Death Damages*

        (1) pecuniary loss in the past and future;

        (2) loss of consortium, companionship and society in the past and future;

        (3) mental anguish in the past and future;

        (4) loss of inheritance;

        (5) loss of services

        (6) loss of community estate and addition to estate;

        (7) all other damages allowed by law and equity.

    b. *Survival Damages*

        (1) pain and mental anguish;

        (2) medical expenses;

        (3) funeral and burial expenses; and

        (4) all other damages allowed by law and equity.

42. The damages sought are greatly in excess of the minimum jurisdictional limits of the court.

## XI. EXEMPLARY DAMAGES

43. Defendant committed acts of omission and commission, which collectively and severally, constitute gross negligence and legal malice in that when viewed objectively from the standpoint of the defendant at the time of the occurrence,

its acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Furthermore, defendant had actual, subjective, awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others.

44. Such gross negligence and legal malice was a proximate cause of the accident made the basis of this suit, the injuries to and consequent death of Sharon G. Vetters, and the damages sustained by the Plaintiffs, which are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the federal courts.

45. Plaintiffs seek an award of exemplary damages at the time of the trial in an amount determined to be just by the jury.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

46. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XIII. JURY DEMAND

47. Plaintiffs timely request a trial by jury and have tendered the appropriate fee.

## XIV. CONDITIONS PRECEDENT

48. All conditions precedent have been met, or are waived or excused.

## PRAYER

49. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from the Defendant their actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest,

post-judgment interest, reasonable attorneys' fees, costs of court, and such other and further relief to which they may show themselves to be justly entitled.

        Respectfully submitted,

        By:   /s/ Craig M. Sico
           Craig M. Sico
           State Bar I.D. No. 18339850
           Federal I.D. No. 13540
           SICO, WHITE & BRAUGH, L.L.P
           900 Frost Bank Plaza
           802 N. Carancahua
           Corpus Christi, Texas 78470
           Phone: (361) 653-3300
           Fax: (361) 653-3333

           ATTORNEY-IN-CHARGE
           FOR THE PLAINTIFFS

OF COUNSEL:

Brantley W. White
State Bar No. 00789722
Federal I.D. No. 22400
Roger S. Braugh, Jr.
State Bar No. 00796244
Federal I.D. No. 21326
SICO, WHITE & BRAUGH, L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
Phone:  361/653-3300
Fax:  361/653-3333

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of August, 2005, a copy of the foregoing instrument was served on counsel of record by electronic filing at the website for the Southern District of Texas at http://www.txsd.uscourts.gov.

              /s/ Craig M. Sico
             Craig M. Sico

Robert Sonnier
Ryan Bolling
Clark, Thomas & Winters, P.C.
P.O. Box 1148
Austin, Texas 78767
300 West Sixth Street, Suite 1500
Austin, Texas 78701

Alison Rodney
Miller, Canfield, Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098