UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHEN T. VETTERS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SHARON G. VETTERS, DECEASED, AND FOR AND ON BEHALF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF SHARON G. VETTERS UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL ACTS, ERIN VETTERS RUEL, STEVEN B. VETTERS, JOHN W. STOCKTON, AND HAZEL L. STOCKTON,<br><br>PLAINTIFFS,<br><br>VS.<br><br>DAIMLERCHRYSLER CORPORATION,<br><br>DEFENDANT. | § § § § § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 2:05-CV-00003<br><br><br><br><br>JURY |

## DAIMLERCHRYSLER CORPORATION'S MOTION TO EXCLUDE CAUSATION OPINIONS OF MICHAEL PENA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DaimlerChrysler Corporation (formerly known as Chrysler Corporation) and files this Motion To Exclude Causation Opinions of Michael Pena, and in support would show as follows:

## I. EVIDENCE RELIED UPON

Exhibit 1 – Deposition Transcript of Officer Michael Pena, dated June 8, 2005

Exhibit 2 – Certified copy of the Peace Officer's Accident Report

## II. PROPOSED TESTIMONY TO BE EXCLUDED

This is a products liability case in which it is alleged that Ms. Vetters backed her 2002 Dodge Durango down the driveway, stopped at the mailbox, and with the engine still running, exited the vehicle to retrieve the mail, after which point the vehicle allegedly self-shifted into reverse and struck Ms. Vetters as she was returning to the vehicle. There were, however, no eye witnesses to these events. Exhibit 1, 30:9-12.

Michael Pena is a police officer with the City of Corpus Christi Police Department, and is the investigating officer who completed the Texas Peace Officer's Accident Report concerning the subject accident. *See* the certified copy of the Texas Peace Officer's Accident Report, attached as Exhibit 2. In this report, Officer Pena opines that:

> It is believe[d] that unit #1 was parked and in the driveway when it slipped into reverse. The pedestrian attempted to get back into the vehicle and place it park when she was struck by the vehicle.

*See* Exhibit 2, page 1. Officer Pena offered the same opinion in his deposition. *See* Deposition of Michael Pena, attached as Exhibit 1, 31:1-7.

Officer Pena has no personal knowledge that the gear selector or transmission slipped into reverse. His testimony that the transmission slipped into reverse is expert opinion testimony. Officer Pena, however, has no relevant qualifications as an expert. While he has some police training in basic accident reconstruction, he had never worked

on an accident of this sort before, and he has no qualifications in engineering or automobile design or manufacturing.

In addition, Officer Pena's opinion is unreliable. He conducted no tests or recreation of the accident, ruled out no alternative explanations, and admitted his opinion was based upon unproven assumptions. His opinion, whether in the form of the accident report, deposition or live testimony, is speculative and unreliable and should be excluded.

### III. LAW AND ARGUMENT

**A.  Lay Witness Opinion Testimony From Officer Pena Cannot Be Used To Subvert The Reliability Requirements For Expert Testimony**

Officer Pena's opinion testimony constitutes an expert opinion that is subject to the gatekeeping requirements of Federal Rule of Evidence 702. His opinion testimony should not be allowed under the guise that it is lay witness opinion rationally based upon his perceptions under Rule 701. Officer Pena was not an eye witness and has no perceptions upon which he can opine without venturing squarely into the realm of opinion testimony that requires scientific, technical or other specialized knowledge within the scope of Rule 702. *See U.S. v. Martinez-Figueroa*, 363 F.3d 679, 682 (8th Cir. 2004).

Officer Pena's testimony must be limited to factual matters and must not contain opinions. His status as a fact witness does not qualify him to opine on the cause of the accident. He was not an eye witness to the accident, and did not even arrive at the accident scene until 45 minutes after he received the police dispatch. Exhibit 1, 13:10-15. By the time he arrived, Ms. Vetters had already been removed from the scene by EMS. Exhibit 1,

56:16-20. He did not speak with any eye-witnesses to the accident, as there were none. Exhibit 1, 30:9-12.

Nevertheless, Officer Pena offered an opinion on the ultimate issue in this case. This opinion that the transmission slipped into reverse is not a factual observation nor is it an opinion based upon his personal knowledge or perceptions. Rather, it is a guess he made after a series of unproven assumptions.

First, Officer Pena has assumed that the vehicle was parked on the inclined portion of the driveway. Exhibit 1, 66:22-67:1. He does not, however, have any knowledge or information as to where the vehicle was actually parked. Exhibit 1, 60:22-61:8. Based upon this first assumption, he then assumes the vehicle must not have been left in reverse by Ms. Vetters, because if she had left it in reverse, he assumes there would not have been sufficient time for her to get her mail and return to the vehicle before it struck her. Therefore, he assumes the vehicle must have slipped into reverse on its own. *See* Exhibit 1, 23:13-25.

Clearly, this series of assumptions and conclusions goes well beyond the type of lay opinion testimony permitted under Rule 701. Therefore, Officer Pena's opinion testimony must instead meet the requirements for expert testimony under Rule 702. As shown below, it does not.

B.   <u>Mr. Pena is Not Qualified To Offer Expert Testimony</u>

When faced with a proffer of expert testimony, the court must determine whether the expert witness is qualified and has specialized knowledge that will "assist the trier of

fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see generally United States v. Sepulveda*, 15 F.3d 1161, 1183 (1st Cir. 1993) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993)), cert. denied, 114 S. Ct. 2714 (1994).

An opinion that a vehicle's transmission slipped into reverse is clearly the type of opinion testimony that requires substantial training, education and experience in the relevant fields of automotive design and engineering. *See Bogosian v. Mercedes-Benz of North America, Inc*, 104 F.3d 472. In that case, the court excluded an expert who opined that an alleged park to reverse type of defect caused the accident. The proposed expert had a bachelor's degree in industrial and vocational education, was certified to teach vocational automobile mechanics, and was a certified master automobile technician. The court found, however, that his lack of knowledge, skill, experience, training or education in the relevant areas of product design and manufacturer rendered him unqualified. *Id.* at 477.

Officer Pena is not an engineer, does not hold himself out as an expert concerning automobiles or transmissions, and has no education or experience in mechanical engineering or automobile design. Exhibit 1, 46:18 – 47:5. While he has taken the basic police accident reconstruction course, he has no education, training or experience that would qualify him as an expert capable of determining whether the transmission slipped into reverse to cause this accident. *See* Exhibit 1, 5:17 – 6:5. In terms of experience, he had never before worked on an accident like this one, in which someone was struck by an unmanned vehicle. Exhibit 1, 69:3-11. By any account, Officer Pena is even less qualified

than the mechanical expert who was excluded in *Bogosian*. Without any disrespect to Officer Pena, who has never held himself out to be an expert in this case, he is not qualified to give the expert opinion that the transmission slipped into reverse.

### C. Officer Pena's Opinion Testimony Is Not Reliable

The Fifth Circuit has summarized *Daubert*'s requirements as follows:

> The Supreme Court in *Daubert*...laid down the analytical framework for undermining whether expert testimony is admissible under Federal Rule of Evidence 702. Under *Daubert*, Rule 702 charges trial courts to act as gate-keepers, making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. Accordingly, in order to be admissible, expert testimony must be both relevant and reliable. The *Daubert* considerations apply to all species of expert testimony, whether based on scientific, technical or other specialized knowledge.

*United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (internal punctuation and footnotes omitted). If expert testimony satisfies the *Daubert* relevance standard, it is admissible only if reliable. According to the Fifth Circuit,

> As to reliability, the Supreme Court has provided five, non-exclusive factors to consider when assessing whether a methodology is scientifically reliable. These factors are (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community....The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue.

*Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584-85 (5th Cir.), *cert. denied sub nom*. As to both relevance and reliability, under *Daubert* the expert testimony's

"proponent has the burden of establishing, by the preponderance of the evidence, that the pertinent admissibility requirements are met." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003), *cert. denied*, 540 U.S. 1111, 124 S.Ct. 1087 (2004).

Officer Pena's opinion that the gear slipped into reverse does not meet these requirements. For example, neither Officer Pena nor any other officer ever conducted any test or recreation of the incident. He did not even move or manipulate the shift lever or gear shifter. Exhibit 1, 48:15- 49:1

Officer Pena did not rule out the possibility that his assumption the vehicle was parked on the sloping part of the driveway was incorrect. In fact, he had no information whatsoever about where the vehicle was when Ms. Vetters exited from it. Exhibit 1, 60:22 61:1. He admitted that if the vehicle was positioned further down the driveway to where the rear tires were on the street – which he cannot rule out - his opinion might change. Exhibit 1, 66: 23 – 68:6. Likewise, though his opinion is based upon the assumption that there would not be enough time to exit and return from the mail box if the vehicle was left in reverse, he admitted he does not actually know how long it would take for the vehicle to move under those circumstances. Exhibit 1, 67:7-18.

An expert must adequately account for alternative explanations and other variables. *Munos v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000). Officer Pena has not done this. He admits that he does not know whether Ms. Vetters put the vehicle in secure park. Officer Pena also admits it is possible that Ms. Vetters left the vehicle in reverse and he cannot

rule out the possibility that the vehicle was left in reverse. Exhibit 1, 65:19 -66:9. In light of all the above, his opinion is unreliable and should be excluded.

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, DaimlerChrysler Corporation respectfully requests that the testimony and opinions of Michael Pena excluded, and for such other relief as it may be justly entitled whether at law or in equity.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A Professional Corporation**

By: _____
G. Robert Sonnier
Attorney-in-Charge
State Bar No. 18847400
Southern District No. 20069

300 West 6th Street, Suite 1500 (78701)
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 – Fax

OF COUNSEL:
Pamela J. McClain
State Bar No. 50511874
Southern District No. 24399
Ryan B. Bolling
State Bar No. 24027201
Southern District No. 561635

300 West 6th Street, Suite 1500 (78701)
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 – Fax
**COUNSEL FOR DEFENDANT DAIMLERCHRYSLER CORPORATION**

## CERTIFICATE OF CONFERENCE

Counsel has conferred with Plaintiffs concerning the matters addressed in this motion, and counsel does not agree to such.

_____
G. Robert Sonnier

## NOTICE OF HEARING

Defendant DaimlerChrysler Corporation's Motion to Exclude Causation Opinions of Michael Pena has been set for hearing on _____ day of _____, 2005, at _____. m.

**SIGNED** this the _____ day of _____, 2005.

_____
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that on the _19_ day of October, 2005, a copy of the foregoing instrument was served on counsel of record by electronic filing at the website for the Southern District of Texas at http://www.txsd.uscourts.gov.

Craig M. Sico
SICO, WHITE & BRAUGH, L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
361/653-3300
361/653-3333 — Fax

_____
Robert Sonnier